## BICKLEY v. DROSTE & SNYDER, Inc.

Circuit Court of Appeals, Third Circuit.
June 21, 1928.

No. 3771.

1. **Compromise and settlement ⟐⟐15(1)—Compromise agreement held not to provide either for suit to finish or compromise in action to be instituted by defendant.**

In action for damage accruing on defendant's guaranty of performance by third parties of certain contracts which defendant assigned to plaintiff, compromise agreement, in which plaintiff reassigned contracts and released defendant from guaranty, and defendant agreed to institute and prosecute suit against third parties, proceeds to be distributed between plaintiff and defendant, *held* not to permit either party to compel course of action unfair to the other in conduct of suit, since contract, by use of words "recovery by said suit or otherwise," did not provide either for suit to finish or compromise.

2. **Compromise and settlement ⟐⟐24—Whether defendant violated plaintiff's rights in compromising action against third persons provided for in settlement agreement held for jury.**

In suit in which plaintiff averred that defendant failed to prosecute suit against third parties to finish, as agreed in compromise agreement in settlement of another action between plaintiff and defendant, and that defendant thereby became liable to plaintiff for full amount to be sued for, question whether defendant, in compromising such suit against third parties, violated rights of plaintiff, *held* for jury.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit by Droste & Snyder, Inc., against I. W. Bickley, trading as A. F. Bickley & Son. From the decree, defendant appeals. Accounting vacated, and cause remanded, with instructions.

Sidney E. Smith and A. J. Davis, both of Philadelphia, Pa., for appellant.

Arthur G. Dickson, of Philadelphia, Pa. (Dickson, Beitler & McCouch, of Philadelphia, Pa., and Philip E. Good, of New York City, of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In so far as the appeal before this court is concerned, the facts are that Bickley, the present appellant, had been sued by Droste & Snyder, the present appellee, hereafter called Droste, to recover $21,600, being the alleged damage accruing on Bickley's guaranty of performance by third parties of two contracts, which later Bickley assigned to Droste. That case was compromised by written agreement, in which Droste reassigned the contracts absolutely to Bickley and released him from his guarantee thereof. On his part Bickley paid Droste $10,000 cash and agreed as follows:

"The party of the second part agrees to institute and prosecute at his own proper cost and expense, except as hereinafter provided, suit against Bowman & 'Company, Inc., Chicago, on the said contracts, for the amount of twenty-one thousand six hundred dollars ($21,600) with interest from December 31, 1917.

"In the event of recovery by said suit or otherwise of the sum of twenty-one thousand six hundred dollars ($21,600), or of any sum, upon the said contracts or either of them, the proceeds thereof are to be distributed as follows:

"The first ten thousand dollars ($10,000) are to be paid to the party of the second part and in addition thereto the party of the second part is to receive the expense of travel and other expenses incident to the suit, plus his attorney's fees in the suit."

Save the closing stipulation, viz.: "After the above amounts have been paid to the parties of the first and second parts, any sums remaining in excess of the aforementioned amounts will be divided and paid fifty (50%) per cent. to the party of the first part and fifty (50%) per cent. to the party of the second part," other details of the agreement need not be here stated.

In pursuance of his agreement, Bickley instituted suit in the court of the Northern District of Illinois, which suit was defended on the alleged ground that before the time for performance of the contract the Lever Act was passed, and prohibited performance by the defendant. On trial this defense was sustained, and a verdict rendered for defendant. On review by the Circuit Court of Appeals for the Seventh Circuit, judgment was reversed and a new trial granted. Thereafter it appeared that the Circuit Court of Appeals for the Sixth Circuit had held a contrary view on a similar contract between other parties, and that the Supreme Court had granted a certiorari in the latter case. In this situation Bickley, as is alleged, under the advice of experienced counsel and in good faith, compromised his case for $15,000. Thereupon Droste filed a bill in equity in the court below against Bickley, averring in substance that Bickley stood in a trust relation, that he was bound to prosecute the suit in Illinois to a finish, and by his failure so to do became liable and was bound to account for $21,600, the

full amount of the claim. On the other hand Bickley contended the agreement did not restrict him to prosecuting the case to a finish, but by the alternative provision, "in the event of recovery by suit or otherwise of the sum of twenty-one thousand six hundred dollars ($21,600) or of any sum upon the said contracts or either of them," he had a right to compromise, in view of the situation that confronted him.

On hearing the late Judge McKeehan agreed with Droste's contention and ordered an accounting, which was had under the directions of Judge Dickinson, who felt constrained, as did also the master, to follow Judge McKeehan's construction of the contract, with the result that a decree was entered on the basis of Bickley accounting for the full amount of the claim, to wit, $21,600. From a decree accordingly, Bickley appeals, and the whole case comes before us for review.

[1, 2] As we view the agreement made in settlement of the original suit, both parties had rights under it, but those rights each was to exercise with a due regard to the rights of the other party. It provided Bickley should at once pay Droste $10,000, and his right to first recoup this $10,000 in case the claim against the third party was recovered was recognized. On the other hand, Droste gave Bickley an absolute release from the balance of the claim of $21,600, and provision was accordingly made for Droste's participating in the balance of the claim in case of recovery. Such being the general purpose and aim of the settlement, it follows that, in carrying out the plan of procuring a recovery "by said suit or otherwise," neither party would so unreasonably or unfairly insist on his own rights as to unreasonably and unfairly affect the rights of the other. In other words, Droste should not so arbitrarily insist on the suit being prosecuted to a finish, if thereby Bickley was made to lose the fruit of the agreement to be initially recouped for the $10,000 paid Droste; and, on the other hand, Bickley should not so arbitrarily stop the prosecution of the suit to a finish, if thereby Droste was made to lose the fruit of the agreement which made him a later participant. From this it will be seen that, in our view, the words "recovery by said suit or otherwise" provided both for suit to a finish or a compromise, but that neither party could compel a course along either line that, under all the circumstances of the case, was unfair to the other.

Such being the proper construction of the contract, and each party insisting wrongfully, as we think, on the absolute and unqualified right of Droste, on the one hand, to compel prosecution of suit to a finish, and of Bickley, on the other, to settle as he saw fit, it is evident the issue between them was one either of alleged breach of the agreement with consequent damage, or alleged compliance with the contract. This was therefore an issue to be settled by a jury in an action at law for breach of contract. We therefore feel Judge McKeehan fell into error in holding that Droste had the unqualified right to compel Bickley to prosecute the suit to a finish, and on his failure so to do became liable to account as a trustee to the full amount of $21,600. The accounting made in pursuance of that view must therefore be vacated.

The cause will be remanded to the court below for such action, either by transferring the case to the law side of the court or by proceeding before the master, as shall determine several rights and liabilities of the parties—whether, on the one hand, under the circumstances of the case, Bickley did not act with good faith and with due regard to Droste's rights, and so broke the contract by not litigating the case to a finish, and, if so, the damage suffered by Droste thereby; or whether, on the other hand, the compromise was made by Bickley with due regard to Droste's rights.